FILED

2018 FEB 20 AM 11: 39

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

1  JENNY THIEL 323.685.9721
   4500 VIA MARINA #301
2  MARINA DEL REY, CA 90292
   *Defendants, In Pro Se*

3

4

5  # UNITED STATES DISTRICT COURT

6  ## CENTRAL DISTRICT OF CALIFORNIA

7  LACV18  01393-RGK-KSx

8  MARINA PACIFIC ASSOCIATES          Case No.:

9                                     **NOTICE OF REMOVAL**
                                      [28 USC 1441, 1446 (d)]
10            PLAINTIFF,              Calif. CCP 430.90]

11            VS.

12

13 JENNY THIEL, ROBERT GRAY DOES 1    from the LOS ANGELES County
   TO 10 INCLUSIVE                    Superior Court,
14                                    Case #: **SMUD01578**

15            DEFENDANTS

16

17

18 Defendants allege:

19 **PARTIES AND COUNSEL**

20
   1.Defendants JENNY THIEL, and Plaintiff MARINA PACIFIC
21
   ASSOCIATES are those parties in a California State Court filed
22
   in the LOS ANGELES County Superior Court, SANTA MONICA, CA
23
   90401, concerning real property located at 4500 VIA MARINA #301
24
   MARINA DEL REY, CA 90292
25

26

27

28

**ORIGINAL**

1   2.   Defendant JENNY THIEL is the former tenant of the premises,

2   and participants in this litigation.

3   3. Whereas this action was filed in California State Court

4   against the former tenant of the premises, Defendant JENNY THIEL

5   is a bona fide tenant under the "Protecting Tenants at

6   Foreclosure Act"

7   4. Plaintiff is represented by Counsel in the State Court action
      as follows:

8   Linda T. Hollenbeck, Esq. 562.912.7712

9   444 W. Ocean Blvd Suite 705
    Long Beach, CA 90802

10

11  **Federal Question**

12  5. Plaintiff has actually filed a Federal Question action in

13     State Court, for which the State Court Action is removed

14     under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582

15     F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

16
17  6. New federal legislation effective May 21, 2009, as amended in

18     July, 2010, as Public Law 111-203, the "Protecting Tenants at

19     Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA"

20     preempted State Law as to bona fide Residential tenants of

21     foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*,   373 U.S.

22     132, 142-43 (1963) (concept of limited preemption)]

23
24         a. Whereas under California Law, a foreclosure

25            automatically terminated any junior agreements [*Bank

26            of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175,

27            182], Section 702(a)(2) of the PTFA makes the

28

2

purchaser at the foreclosure sale subject to the rights of the existing bonafide tenants. The tenancy is protected by federal law.

b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on mere 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days ' notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a)(2)]

d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit.

3

Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8.   A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 *US* 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.* 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior Court Court, and misnomered "Unlawful Detainer."

9.   Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a substantial federal issues in resolving such issues, and (3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg.* 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to

4

express its substantial interest in such issues, and the
"balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. *The four criteria of Cort V. Ash* 422 US 66 (1975) are satisfied:

    a. Defendant JENNY THIEL is a member of a protected

5

class for whom the statue, the "Protecting Tenants
at Foreclosure Act" was created.

b.   The rights-creating language of the PTFA, its
context, and the legislative history. *Opera Plaza
Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831,
836 (2004), 9th Cir) are underscored by

     i.   The language of the PTFA, particularly
       702(a),

    ii.   The lack of any other specified
      enforcement mechanism [*First Pacific Bancorp inc. v.
      Helfer* 224 Fed 3d 1117m 1123 (200, 9th
      Cir.); *Williams v. United Airlines, Inc 500* Fed 3d,
      1019, 1024 (9th, 2007)], and

   iii.   The legislative history.

c. The cause of action is consistent with the
underlying purpose of the law: balancing the rights
of the parties.

d. The "traditional status" of evictions as a state
cause of action is the weakest of the criteria [*First
Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th
Cir. 2000)], particularly where here, as in Civil
Rights legislation, Congress intended to occupy the
filed and break tradition, with a bold new law

6

intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremacy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facide case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

7

17. Defendant, JENNY THIELis bona fide residential tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court, after which jurisdiction will again attach as described in that statue.

DATED: 02/19/2018

JENNY THIEL, In Pro Se

[NOTICE OF REMOVAL]

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 65 Pine Ave Suite 171 Long Beach, CA 90802

On _____ I served the foregoing document(s) described as: **NOTICE OF REMOVAL** to the following parties:

Linda T. Hollenbeck, Esq. 562.912.7712
444 W. Ocean Blvd Suite 705
Long Beach, CA 90802

       [ X ] (By U.S. Mail) I deposited such envelope in the mail at Long Beach, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

       [] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

       [] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 02/19/2018

Francisco Bourne

9

[NOTICE OF REMOVAL]

**(CITACION JUDICIAL)**
**UNLAWFUL DETAINER—EVICTION**
**(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)**

**NOTICE TO DEFENDANT:** JENNY THIEL, ROBERT GRAY
**(AVISO AL DEMANDADO):** and DOES 1 to 10 inclusive

*Frup*
*4/17/17*

**YOU ARE BEING SUED BY PLAINTIFF:** MARINA PACIFIC ASSOCIATES
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is: Superior Court of California, County of Los
   (El nombre y dirección de la corte es): Angeles

   **CASE NUMBER:** (Número del caso) 17SMUD01578

   1725 Main Street
   Santa Monica, California 90401

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Linda T. Hollenbeck 145048/Ta
   (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
   HOLLENBECK & CARDOSO LLP
   444 W. Ocean Boulevard, Suite 705, Long Beach, CA 90802
   562-912-7712

3. (Must be answered in all cases) An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415)  [X] did not  [ ] did
   for compensation give advice or assistance with this form. (If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date:          (Fecha): 11/7/17

Clerk, by                              , Deputy
(Secretario)                            (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [✓] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of (specify):
   c. [ ] as an occupant
   d. [ ] on behalf of (specify):
      under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)          [ ] other (specify):
5. [ ] by personal delivery on (date):

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure §§ 412.20, 415.1167

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Linda T. Hollenbeck 145048/Tania K. Cardoso 244473     SBN: | |
| HOLLENBECK & CARDOSO LLP | |
| 444 W. Ocean Boulevard, Suite 705 | |
| Long Beach, CA 90802 | |
| TELEPHONE NO.: 562-912-7712     FAX NO. *(Optional)*: 562-912-7728 | |
| E-MAIL ADDRESS *(Optional)*: lhollenbeck@hollenbecklaw.com | |
| ATTORNEY FOR *(Name)*: Marina Pacific Associates | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 1725 Main Street |
| MAILING ADDRESS: 1725 Main Street |
| CITY AND ZIP CODE: Santa Monica, 90401 |
| BRANCH NAME: Santa Monica Courthouse |

*(handwritten: Fund 11/17/17)*

PLAINTIFF: MARINA PACIFIC ASSOCIATES

DEFENDANT: JENNY THIEL, ROBERT GRAY

[X] DOES 1 TO 10 inclusive

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [X] COMPLAINT    [ ] AMENDED COMPLAINT *(Amendment Number):* _____ | 17SMUD01578 |

**Jurisdiction** *(check all that apply):*

[X] ACTION IS A LIMITED CIVIL CASE

    Amount demanded [ ] does not exceed $10,000

               [X] exceeds $10,000 but does not exceed $25,000

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)

[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*

    [ ] from unlawful detainer to general unlimited civil (possession not in issue)    [ ] from limited to unlimited

    [ ] from unlawful detainer to general limited civil (possession not in issue)    [ ] from unlimited to limited

1. PLAINTIFF *(name each):* Marina Pacific Associates

    alleges causes of action against DEFENDANT *(name each):* Jenny Thiel, Robert Gray

2. a. Plaintiff is   (1) [ ] an individual over the age of 18 years.   (4) [X] a partnership.

               (2) [ ] a public agency.                (5) [ ] a corporation.

               (3) [ ] other *(specify):*

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
    4500 Via Marina #301, Marina Del Rey, CA 90292

4. Plaintiff's interest in the premises is   [X] as owner    [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about *(date):* 8/25/2017          defendant *(name each):* Jenny Thiel, Robert Gray

    (1) agreed to rent the premises as a   [ ] month-to-month tenancy   [X] other tenancy *(specify):* 1 year term

    (2) agreed to pay rent of $ 4,450.00     payable [X] monthly   [ ] other *(specify frequency):*

    (3) agreed to pay rent on the   [X] first of the month   [ ] other day *(specify):*

   b. This [X] written [ ] oral agreement was made with

      (1) [ ] plaintiff.               (3) [ ] plaintiff's predecessor in interest.

      (2) [X] plaintiff's agent.       (4) [ ] other *(specify):*

\* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Form Approved for Optional Use
Judicial Council of California
UD–100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

DEFENDANT*(Name):* JENNY THIEL, ROBERT GRAY

6.  c.  [X]  The defendants not named in item 6a are
    (1) [ ] subtenants.
    (2) [ ] assignees.
    (3) [X] other *(specify):* unknown

  d.  [ ]  The agreement was later changed as follows *(specify):*

  e.  [ ]  A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

  f.  [X]  *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
    (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) [X] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7.  [X]  a.  Defendant *(name each):* Jenny Thiel, Robert Gray

    was served the following notice on the same date and in the same manner:
    (1) [X] 3-day notice to pay rent or quit    (4) [ ] 3-day notice to perform covenants or quit
    (2) [ ] 30-day notice to quit    (5) [ ] 3-day notice to quit
    (3) [ ] 60-day notice to quit    (6) [ ] Other *(specify):*

  b.  (1)  On *(date):* 11/9/2017    the period stated in the notice expired at the end of the day.
    (2)  Defendants failed to comply with the requirements of the notice by that date.

  c.  All facts stated in the notice are true.

  d.  [X]  The notice included an election of forfeiture.

  e.  [X]  A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*

  f.  [ ]  One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8.  a.  [X]  The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) [ ] by personally handing a copy to defendant on *(date):*
    (2) [ ] by leaving a copy with *(name or description):*
        a person of suitable age and discretion, on *(date):*    at defendant's
        [ ] residence [ ] business  AND mailing a copy to defendant at defendant's place of residence on
        *(date):*    because defendant cannot be found at defendant's residence or usual place of business.
    (3) [X] by posting a copy on the premises on *(date):* 11/6/2017    [X] AND giving a copy to a ~~person found residing at the premises~~ AND mailing a copy to defendant at the premises on *(date):* 11/6/2017
        (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
        (b) [X] because no person of suitable age or discretion can be found there.
    (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date):*
    (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

  b.  [ ]  *(Name):*
    was served on behalf of all defendants who signed a joint written rental agreement.

  c.  [ ]  Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

  d.  [ ]  Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

**COMPLAINT—UNLAWFUL DETAINER**

DEFENDANT *(Name)*: JENNY THIEL, ROBERT GRAY

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 4,450.00
11. ☒ The fair rental value of the premises is $ 148.33      per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ☒ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. ☒ past-due rent of $ 4,450.00
    d. ☒ reasonable attorney fees.
    e. ☒ forfeiture of the agreement.
    f. ☒ damages at the rate stated in item 11 from *(date):* 12/1/17      for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☐ other *(specify):*

18. ☒ Number of pages attached *(specify):* 2

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did **not** ☐ did for compensation give advice or assistance with this form. (*If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:*)

    a. Assistant's name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    f. Expires on *(date):*

Date: 11/14/2017

~~━━━━━━~~/Tania K. Cardoso 244473
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]          **COMPLAINT—UNLAWFUL DETAINER**          Page 3 of 3